OPINION OF THE COURT
Howard F. Stockfield, J.
The defendant, herein named, was charged with violations of subdivision 2 of section 511 and section 376-a of the Vehicle and Traffic Law of the State of New York. The alleged violations occurred on September 17, 1983; a non-jury trial was held on January 26, 1984.
At the conclusion of the People’s case, defendant moved to dismiss the charges on several grounds, including failure or lack of jurisdiction to try the defendant on the charges of violation of subdivision 2 of section 511.
The court first addresses itself to the issue of jurisdiction. By testimony of the police officer, he observed defendant *72 operating a 1973 Cadillac with defective lights (insufficient taillights). Upon failure of the defendant to produce a driver’s license and further information that the license had been suspended, the officer issued a simplified traffic information charging violation of “Section 511.” The original of the ticket was issued to defendant. Shortly thereafter, the remaining four-part copies were amended to read “Section 511.2.” The officer further testified that he prepared and delivered to defendant an accusatory instrument-information prepared pursuant to CPL 100.15,where-in it was recited that defendant, on the 17th day of September, 1983, did commit the offense of operating a motor vehicle while license is suspended or revoked (with the word revoked underlined), a misdemeanor, in violation of subdivision 2 of section 511 of the Vehicle and Traffic Law, further setting forth statutory language of the particulars of the offense. Thereafter, upon defendant’s demand, a supporting deposition was prepared and served pursuant to CPL 100.25 wherein it was recited: “and did operate said vehicle while his license to drive was revoked and had been revoked as of 3/30/83 and never restored since that time”.
CPL 100.05 states that the filing of the simplified information with the court is the commencement of the criminal action; the simplified information was filed in court simultaneously with the long form information, after defendant had been served both. The defendant was thereafter arraigned on the charge of violation of subdivision 2 of section 511 of the Vehicle and Traffic Law. CPL 100.40 defines the sufficiency of the accusatory instruments and the simplified traffic information served with the information, together with the supporting deposition fully apprised defendant of the nature of the charge against him and factual basis therefor. The court therefore determines that the court had proper jurisdiction over the defendant and that the defendant had been properly and sufficiently apprised of the charge pending before the court.
During trial, the People submitted proof that on November 11, 1982, the defendant had been arrested and arraigned on a charge of violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, having refused to *73 submit to a breathalyzer chemical test. There was a motor vehicle hearing November 22,1982. On February 28,1983, the defendant pleaded guilty to violation of subdivision 3 of section 1192 and was fined $350. On March 31, 1983, in compliance with the revocation order, defendant surrendered his license to motor vehicle.
It was defendant’s argument, by motion at close of trial, that notification of suspension or revocation must be proven at trial, and that applicable case law carries a constitutional mandate of due process in that notification must include notice, as prepared by the Motor Vehicle Department, addressed to defendant and mailed to defendant, and that each of the elements of notice must be proven. These requirements, it is argued, are absolutely necessary prerequisites to conviction. If the defendant had been charged and tried pursuant to violation of subdivision 1 of section 511, the court would agree fully.
However, subdivision 2 of section 511 uses different language, to wit: “Notwithstanding the provisions of subdivision one of this section * * * any person operating a motor vehicle * * * while knowing or having reason to know that his license or his privilege of operating a motor vehicle * * * is suspended or revoked based on * * * a refusal to submit to a chemical test * * * or * * * conviction for a violation of any of the provisions of section [1192] of this chapter * * * shall be guilty”. The court draws its attention to the key phrase “while knowing or having reason to know” and differentiates the language of notice from subdivision 1 of section 511, which does require actual/constructive notice.
While the court finds case law with respect to subdivision 1 of section 511, it differentiates the language of the statute and determines that no such notice requirement as such exists under subdivision 2, provided the facts, as proven, indicate defendant knew or had reason to know his license or privilege had been suspended or revoked.
The court finds that defendant’s surrender of his license in the previous incident was sufficient to give him such knowledge or reason to know that his license or privilege to operate a motor vehicle was suspended or revoked.
*74 It must be kept in mind that the due process requirement of the underlying revocation is not challenged as defendant did, in fact, attend a Motor Vehicle Department hearing on the original refusal to submit to the breathalyzer test and that thereupon the defendant surrendered his license.
During the trial the police officer testified that on the date in question, he observed and stopped a 1973 Cadillac traveling south on Route 6 in the Town of Carmel without taillights. Upon demand, defendant failed to produce a driver’s license. Two simplified traffic informations were issued; (1) for violation of subdivision 1 of section 376-a of the Vehicle and Traffic Law; and (2) for violation of section 511. Defendant was identified at trial by the police officer.
The People introduced into evidence a certified copy of certificate of conviction of the Town Justice Court of Carmel dated February 28, 1983, showing that defendant had been convicted of the offense of “Driving While Intoxicated Section 1192.3” and had surrendered his driver’s license on March 30, 1983.
At the close of the People’s case, defendant moved to dismiss and judgment was reserved.
With respect to the charge of violation of section 376-a of the Vehicle and Traffic Law the defendant, through the testimony of an independent witness, testified that the rear lights were repaired within the time limits as provided in subdivision 4 of section 376-a and therefore the court will dismiss this charge.
There were no other witnesses on behalf of the People or defendant.
Wherefore, it is the conclusion of this court, based upon the credible testimony and evidence, that the defendant is guilty of violation of subdivision 2 of section 511 of the Vehicle and Traffic Law.
The matter will require appearance of all parties for all purposes on Tuesday, May 15, 1984, at 6:00 p.m.